01

02

03

04

05

06                     UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF WASHINGTON
07                            AT SEATTLE

08  DENNIS FLORER,                    )    CASE NO. C06-1465-RSM-MAT
                                      )
09        Plaintiff,                  )
                                      )
10        v.                          )    ORDER RE: MOTION TO DISMISS
                                      )    AND STAY DISCOVERY
11  CONGREGATION PIDYON               )
    SHEVUYIM, et al.,                 )
12                                    )
          Defendants.                 )
13  _____ )

14        Plaintiff Dennis Florer proceeds *pro se* and *in forma pauperis* (IFP) in this 42 U.S.C. §

15  1983 action.  He alleges a denial of religious reading materials and spiritual leadership from

16  defendants Congregation Pidyon Shevuyim (a religious organization), Jewish Prisoners Services

17  (an outreach program of that organization), and Gary Friedman (Chairman of the outreach

18  program).  (Dkt. 6.)  In his complaint, plaintiff refers to a contract between defendants and the

19  Washington State Department of Corrections.  (*Id*. at 3.)

20        Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)

21  and to stay discovery.  (Dkt. 10.)  In seeking dismissal, defendants rely in large part on the

22  reasoning of an Eighth Circuit Court of Appeals decision.  With respect to the stay requested,

ORDER RE: MOTION TO DISMISS AND STAY DISCOVERY
PAGE -1

01  defendants point to the extensive discovery undertaken in a similar case filed by plaintiff, now

02  pending in the Eastern District of Washington.  *See Florer v. Peck*, No. C05-5039EFS.

03      Plaintiff objected to defendants' motion, raising new facts and attaching a declaration.

04  (Dkts. 11 & 12.)  Also, although stating that his claims should be developed through discovery

05  and other pre-trial procedures, plaintiff conceded that "[t]his case falls more on questions of law

06  than factual evidence that is not already in [his] possession[.]" (Dkt. 11 at 11.)  Following a reply

07  from defendants (Dkt. 14), plaintiff submitted an additional response, providing even more detail

08  as to the nature of his claims and attaching numerous documents (Dkt. 16).

09      On a Rule 12(b)(6) motion to dismiss, the Court must accept all of the material allegations

10  in plaintiff's complaint as true and liberally construe those facts in the light most favorable to

11  plaintiff, as a *pro se* litigant.  *See Oscar v. University Students Co-op Ass'n*, 965 F.2d 783, 785

12  (9th Cir. 1992); *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

13  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts

14  alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699

15  (9th Cir. 1988).

16      Where "matters outside the pleading are presented to and not excluded by the court," a

17  Rule 12(b)(6) motion is "treated as one for summary judgment and disposed of as provided in Rule

18  56," while allowing all parties a "reasonable opportunity to present all material made pertinent to

19  such a motion by Rule 56."  Fed. R. Civ. P. 12(b).  In transforming a dismissal into a summary

20  judgment proceeding, the Court must inform a plaintiff proceeding *pro se* that it is considering

21  more than the pleadings and afford the opportunity to present all pertinent material. *Anderson v.*

22  *Angelone*, 86 F.3d 932, 934 (9th Cir. 1996); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th

ORDER RE: MOTION TO DISMISS AND STAY DISCOVERY
PAGE -2

01 | Cir. 1995). "If the pro se litigant is a prisoner, the district court's duties are even greater: 'The

02 | district court is obligated to advise prisoner pro se litigants of Rule 56 requirements.'" *Anderson*,

03 | 86 F.3d at 935 (quoting *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988)).

04 |      In this case, the Court finds appropriate the conversion of defendants' motion to dismiss

05 | to a Rule 56 motion for summary judgment. In so doing, the Court advises plaintiff of the

06 | following:

07 |      A motion for summary judgment under Rule 56 of the Federal Rules of Civil
Procedure will, if granted, end your case.

08 |

09 |      Rule 56 tells you what you must do in order to oppose a motion for summary
judgment. Generally, summary judgment must be granted when there is no genuine
issue of material fact -- that is, if there is no real dispute about any fact that would

10 | affect the result of your case, the party who asked for summary judgment is entitled
to judgment as a matter of law, which will end your case. When a party you are suing

11 | makes a motion for summary judgment that is properly supported by declarations (or
other sworn testimony), you cannot simply rely on what your complaint says. Instead,

12 | **you must set out specific facts in declarations, depositions, answers to
interrogatories, or authenticated documents, as provided in Rule 56(e), that**

13 | **contradict the facts shown in the defendant's declarations and documents and
show that there is a genuine issue of material fact for trial. If you do not submit**

14 | **your own evidence in opposition, summary judgment, if appropriate, may be
entered against you. If summary judgment is granted, your case will be**

15 | **dismissed and there will be no trial.**

16 | *Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998) (emphasis added). Furthermore, Local

17 | Rule CR 7(b)(2) states that a party's failure to file necessary documents in opposition to a motion

18 | for summary judgment may be deemed by the court to be an admission that the opposition is

19 | without merit.

20 |      In converting this motion, the Court stresses that both plaintiff and defendants should take

21 | the opportunity to present all arguments and material pertinent to a Rule 56 motion. Accordingly,

22 | the Court hereby requests additional briefing from the parties. Defendants shall submit such

ORDER RE: MOTION TO DISMISS AND STAY DISCOVERY
PAGE -3

01  briefing and supportive material on or before **May 10, 2007** and plaintiff shall respond on or

02  before **May 28, 2007**.  Defendants may submit a reply on or before **June 1, 2007** and defendants'

03  dispositive motion is hereby renoted for consideration as of that same date.

04          Also, the Court finds reasonable defendants' request to stay discovery in this matter

05  pending resolution of their motion.  As noted by defendant, this Court "has wide discretion in

06  controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  The Court

07  may exercise that control while a dispositive motion is pending.  *See*, *e.g.*, *Rae v. Union Bank*, 725

08  F.2d 478, 481 (9th Cir. 1984) (upholding district court's decision to stay discovery pending

09  resolution of a Rule 12(b)(6) motion to dismiss; noting: "As the district court correctly observed,

10  discovery is appropriate where there are factual issues raised by the motion. Here, there were no

11  factual issues.")  In a pending case raising the same allegations pursued here, but brought against

12  different defendants, plaintiff submitted some 1,800 discovery requests and the defendants

13  produced over 3,100 documents. (*See* Dkt. 10, Ex. 1.)  Moreover, as stated above, plaintiff

14  concedes that his case concerns predominantly questions of law, rather than factual evidence not

15  already in his possession. (*See* Dkt. 11 at 11.)  Indeed, it is apparent from plaintiff's submissions

16  to the Court that he has in his possession a significant amount of documentation pertinent to his

17  claims in this case. (*See* Dkts. 11, 12 & 16.)  The Court, therefore, finds ample basis for granting

18  defendants' request to stay discovery.

19          For the reasons described above, the Court hereby notifies the parties as to the conversion

20  of defendants' motion to dismiss to a Rule 56 motion for summary judgment, requests briefing

21  from the parties in accordance with the above-described schedule, and grants defendants' request

22  to stay discovery.  The Clerk is directed to send copies of this Order to plaintiff, to counsel for

01  defendant, and to the Honorable Ricardo S. Martinez.

02      DATED this 18th day of April, 2007.

03

04  _____
    Mary Alice Theiler
    United States Magistrate Judge

05

06

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER RE: MOTION TO DISMISS AND STAY DISCOVERY
PAGE -5